IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| AMBER MARIE BURNETT,<br><br>　　Petitioner,<br><br>v.<br><br>CASCADE COUNTY, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　Respondents. | Cause No. CV 22-110-GF-BMM<br><br>ORDER |

On November 14, 2022, Petitioner Amber Marie Burnett filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Doc. 1.) Ms. Burnett's petition, liberally construed, alleges "failed due processing" in conjunction with her state court proceedings and that the State of Montana somehow manipulated the court system.  (*Id*. at 4-5.) Ms. Burnett provided little to no factual support for either claim.

I. **Motion to Proceed in Forma Pauperis**

Ms. Burnett seeks leave of the Court to proceed in forma pauperis ("IFP"). (Doc. 4.)  Ms. Burnett has not provided a copy of her inmate account statement as required.  (*See* Doc. 3 at 3.)  But because there is no reason to delay this matter further, the motion to proceed IFP will be granted.

1

## II.  Amended Petition

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [she] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Ms. Burnett was advised the petition she filed failed to identify a violation of federal constitutional law and was insufficient to support relief under § 2254. (Doc. 3 at 2-3.) Ms. Burnett was provided an opportunity to file an Amended Petition and was advised she should clearly identify the nature of her federal constitutional claim(s) and provide brief factual support for each claim. (*Id*. at 3-4.) Ms. Burnett was given 30 days within which to file her amended complaint and was supplied with a copy of the Court's Amended Petition form. (*Id*.) Ms. Burnett filed two exhibits, but neither is responsive to this Court's prior order. (*See* Doc. 5.) Moreover, Ms. Burnett has not filed her amended petition within the allotted timeframe. The petition will be dismissed without prejudice.

## III.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Ms. Burnett has not made a substantial showing that she was deprived of a federal constitutional right. Further, because her claims are not cognizable, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Ms. Burnett's motion to proceed IFP (Doc. 4) is GRANTED. The Clerk of Court is directed to waive payment of the $5.00 filing fee.

2. Ms. Burnett's Petition (Doc. 1) is DISMISSED without prejudice.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 3rd day of January, 2023.

_____

Brian Morris, Chief District Judge
United States District Court